■

**TUNALIU MAIAVA, MAUGA NOFAIGA, and ATUALEVAO TAGALOA for themselves and for the POUMELE FAMILY, Plaintiffs**

**v.**

---

**TUFELE LIA, MAIAVA LIFA APISALOMA, SOLIGA MAIAVA, ATAPANA MAMEA, ASSEMBLY OF GOD CHURCH IN AMERICAN SAMOA, and JOHN DOES 1 to10, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 1-96

May 6, 1996

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Plaintiffs, Albert Mailo
For Defendants, Asaua Fuimaono

Plaintiffs' application for a preliminary injunction came regularly for hearing on May 1, 1996. The parties were present personally and by their counsel. We heard testimony and have considered the evidence, and can only conclude that plaintiffs have failed to clear two essential hurdles to pursuing this present action. Thus, we will dismiss this action without prejudice.

■ First, plaintiffs have not yet filed a certificate of irreconcilable dispute issued by the Secretary of Samoan Affairs following the apparently unsuccessful dispute resolution process, set forth in A.S.C.A. § 43.0302.

32

This certificate is a jurisdictional requirement in litigation of controversies over communal land. *Tupua v. Faleafine*, 5 A.S.R.2d 131, 132-33 (Land & Titles Div. 1987); *Leota v. Sese*, 12 A.S.R.2d 18, 21-22 (App. Div. 1989); *Ava v. Logoai*, 20 A.S.R.2d 51, 52 (Land & Titles Div. 1992). Second, plaintiffs are not comprised of the necessary mix of persons. Ordinarily, the sa'o must bring actions for injunctive relief in matters pertaining to his family's communal land. A.S.C.A. § 43.1309(b). If the matai title of the sa'o is vacant, or if he is incapacitated, at least two blood male matai members of the family over age 18 must band to initiate such actions. *Id.* Adult blood non-matai members of the family, again a minimum of two persons, can sue for injunctive relief but only when the sa'o is effectively absent and the family does not have two adult blood male matai members. *Id.*

 The Poumele title is vacant. Only Mauga Nofoaiga among the named plaintiffs is an adult blood male matai member of the family. The two remaining named plaintiffs are adult blood members of the family. However, while they are matai, they hold titles in another distinct family, not the Poumele family. The family also has other qualified matai members. Thus, these plaintiffs as a group cannot bring this action. Requisite authority to prosecute for injunctive relief in communal land disputes is likewise jurisdictional. *Savea v. Tunu*, 24 A.S.R.2d 63, 65 (Land & Titles Div. 1993).

---

[1] We could, pursuant to A.S.C.A. §§ 3.0242 and 43.0304, afford plaintiffs an opportunity to still file a certificate of irreconcilable dispute and join necessary plaintiffs, if they had presented an adequate basis for a preliminary injunction or other interim order. *Tupua*, 5 A.S.R.2d at 133.

Plaintiffs are complaining about the presence of a church structure on land, which they claim is on communal land of the Poumele family in Fitiuta, Manu'a, and was constructed without the customary discussion and agreement among family members and with the permission of a person who is not the sa'o of their family. Defendants, on the other hand, claim that the land is communal land of the Tufele family and the church was constructed with the proper sa'o's authorization. Thus, pule over the land is the essence of the issue.

In any event, however, the application for the land use and building permits was signed almost two years ago, and erection of the church edifice is substantially completed. This action was not commenced until January 29, 1996. Under these circumstances, plaintiffs have not met their burden of showing the essential prerequisite for a preliminary injunction, under A.S.C.A. § 43.1301(j)(2), that they will suffer great or irreparable injury before a full and final trial can be fairly held on whether a permanent

33

Given the apparent intermingling of Poumele and Tufele blood and affairs, we hope that our order brings more than a respite to the underlying controversy and that the two families can use this opportunity to achieve an enduring resolution of their differing views on the pule over the land involved in this matter. We think this issue is best settled if the families themselves graciously reach an accord. For the reasons given, however, we dismiss this action without prejudice.

It is so ordered.

---

injunction should issue. Plaintiffs are not presently entitled to any provisional remedy in this action, and without such temporary relief, we are disinclined to grant them time solely to correct their overlooked jurisdictional deficiencies.